IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM DALE NOLLEY,

        Plaintiff,

v.   No. CIV-07-0072 JH/ACT

NEW MEXICO DEPT. OF CORRECTIONS, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

        The complaint alleges that as Plaintiff was entering his housing unit he was struck and seriously injured by an unknown inmate. Plaintiff asserts that the Defendant Corrections

Department's deliberate indifference was the cause of the attack and injuries, in violation of his rights under the Constitution. He seeks damages.

Plaintiff's allegations do not support a claim under 42 U.S.C. § 1983.[1] Allowing a prisoner to be in harm's way has been held to violate the Eighth Amendment, *see Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir. 1988), regardless of motive, *see Gullatte v. Potts*, 654 F.2d 1007, 1012 (5th Cir. 1981). However, " 'a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety.' " *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Plaintiff makes no allegation that officials knew he was in danger of attack--he even concedes that the attacker was unknown--and he was given prompt medical attention. *See Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001) (citing *McGill v. Duckworth*, 944 F.2d 344, 350 (7th Cir. 1991) ("It makes no sense to infer that [officials] . . . didn't give a fig for his welfare, when they acted promptly to protect his safety.")). Plaintiff's complaint does not state a claim for relief under the Eighth Amendment and will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's complaint names only the Department of Corrections, which, as a state agency, is not a "person" for purposes of 42 U.S.C. § 1983. *See McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). It is assumed for purposes of this opinion that Plaintiff could amend his complaint to name an individual defendant. *See Hall*, 935 F.2d at 1110.